IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FRANKLIN WRIGHT, | § | |
| | § | No. 194, 2018 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. N1607007843 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 27, 2018
Decided: November 16, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

After consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, the Court concludes that:

(1) On July 12, 2017, a Superior Court jury found the appellant, Franklin Wright, guilty of Possession of a Firearm by a Person Prohibited ("PFBPP"), Possession of Firearm Ammunition by a Person Prohibited ("PABPP"), Carrying a Concealed Deadly Weapon ("CCDW"), two counts of Possession of a Controlled Substance, Possession of Drug Paraphernalia, and Failure to Signal. After granting the State's motion to declare Wright a habitual offender under 11 *Del. C.* § 4214, the Superior Court sentenced Wright to twenty-six years of Level V incarceration

suspended after twenty-three years for Level II probation. This is Wright's direct appeal.

(2) At trial, Patrolman Thomas Kashner of the Newport Police Department testified that, on July 11, 2016 at about 1:30 a.m., he saw a Dodge Caliber turn right without signaling from Route 4 eastbound onto Route 141 southbound. Patrolman Kashner directed the driver of the car, Wright, to pull over. Wright was the only person in the car. Patrolman Kashner testified that he could not initially determine who the car was registered to because his computer was down, but after speaking with Wright he was able to run the tag and determine that the car was registered to Wright. When Kashner spoke to Wright, he noticed the odor of marijuana.

(3) Patrolman Kashner directed Wright to get out of the car. Wright asked why and Patrolman Kashner explained it was due to the marijuana odor. Wright said that he had marijuana and gave Patrolman Kashner a bag of marijuana in his pocket. Patrolman Kashner then searched the car.

(4) He found a bag of marijuana on the driver's seat, several bags of heroin and a bag of crack cocaine in the driver's side door, a bag with six .38 caliber handgun rounds in the rear hatch along with clear plastic bags often used to package controlled substances, a pill bottle with a woman's name, and a chore boy pad that is often used to filter crack. After noticing that the right hand corner of the central console with the gear shift was sticking up instead of flush with the rest of the

2

console, Patrolman Kashner lifted it up to find a loaded .22 caliber handgun.  The handgun was swabbed for DNA.  A DNA sampled was obtained from Wright.

(5)  A forensic chemist testified that he tested the seized substances. Testing revealed that the substances were marijuana, crack cocaine, and heroin. After the Superior Court denied Wright's motion to exclude the DNA expert's testimony regarding the DNA results, the expert testified that there was not enough amplified DNA on the hammer or magazine swabs to make any conclusions.  She found a mixed DNA profile (meaning there was DNA from two or more individuals) on the grip swaps with an unknown major contributor.  She also found a mixed DNA profile on the slide swabs, but was unable to draw any conclusions due to the nature of the profile.

(6)  Finally, she found a mixed DNA profile on the trigger that Wright could be included as a potential contributor to.  She opined that one in three Caucasians and one in five African Americans could be included as potential contributors to the profile.  The parties stipulated that Wright was a person prohibited.

(7)  Before Wright testified, the Superior Court excluded his 2006 conviction for CCDW as more prejudicial than probative, but admitted his 2008 conviction for Aggravated Assault under Delaware Rule of Evidence 609(a)(1). Wright testified that the drugs in the car belonged to him, but that he did not own or know about the gun, bullets, and plastic baggies in his car.  He testified that he would

3

rent his car out to drug dealers in exchange for drugs or money to buy drugs. According to Wright, he had rented his car out the same night he was later pulled over by Patrolman Kashner. After Wright denied that he had accused Patrolman Kashner of planting the gun, the State called Patrolman Kashner again to testify that Wright had told him "don't even try to plant that shit" in reference to the gun.[1] The jury found Wright guilty of PFBPP, CCDW, two counts of Possession of a Controlled Substance, Possession of Drug Paraphernalia, and Failure to Signal. This appeal followed.

(8) On appeal, Wright's counsel ("Counsel")[2] filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Wright of the provisions of Rule 26(c) and provided Wright with a copy of the motion to withdraw and the accompanying brief.

(9) Counsel also informed Wright of his right to identify any points he wished this Court to consider on appeal. Wright has raised points for this Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

---

[1] Appendix to Appellant's Non-Merit Brief at A54.
[2] After trial and before sentencing, the Superior Court permitted Wright's trial counsel to withdraw. The Public Defender's office assumed Wright's representation.

4

(10)   When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[3]  Wright's convictions for Possession of Drug Paraphernalia and Failure to Signal are not subject to appellate review by this Court because the penalties imposed (fines of $100.00 and $75.00 respectively) did not exceed $100.00.[4]

(11)   Wright raises the following issues on appeal: (i) Patrolman Kashner testified that he did not know who the car was registered to, but his investigative report states that he checked the registration on July 5, 2016, six days before he pulled Wright over; and (ii) Patrolman Kashner testified that Wright gave him the marijuana in his pocket, but his investigative report stated that he removed the marijuana from Wright's pocket.  Neither of these contentions is a basis for appellate relief.

---

[3] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).
[4] This Court's constitutional jurisdiction is limited to hearing criminal appeals "in which the sentence shall be death, imprisonment exceeding one month, or fine exceeding One Hundred Dollars."  Del. Const. art. IV, § 11(1)(b).

(12) The investigative report was not admitted into evidence. Assuming Patrolman Kashner listed the wrong date when he checked the registration in his report,[5] Wright does not explain the significance of that error. Wright testified that the car was his and he rented it out. Similarly, Wright does not explain the significance of Patrolman Kashner taking the marijuana from his pocket as allegedly stated in the report, versus Wright giving the marijuana to Patrolman Kashner as Patrolman Kashner testified at trial. Wright testified that the marijuana and other drugs in the car belonged to him.

(13) This Court has reviewed the record carefully and has concluded that Wright's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Wright could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[5] At trial, Patrolman Kashner testified that he could not initially check the car registration because his computer was down, but he was later able to run the tags and determine that the car was registered to Wright.